IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STANLEY WAYNE HUNTER | § | |
| v. | § | CIVIL ACTION NO. 6:11cv616 |
| CRAIG HARRINGTON | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Stanley Hunter, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Gregg County Jail in Longview, Texas. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hunter complained that Harrington accused him of faking a medical condition which included seizures and possible "locked-in syndrome." On November 18, 2009, Hunter stated that Harrington entered his cell, lifted his foot, and cut it with a knife until it bled. A person named Glenda Winn, apparently a nurse, acting under Harrington's direction, placed medical clamps upon Hunter's nipples until they bled. Winn also squirted ice water in Hunter's ear and pulled his pubic hair. Two weeks later, photographs were taken of the scarring on Hunter's feet.

Harrington was served with process and ordered to answer the lawsuit. He filed a motion for summary judgment on the issue of exhaustion of administrative remedies, including summary judgment evidence showing that during his confinement in the Gregg County Jail, Hunter filed only one grievance, which concerned indigent clothing and not the incident forming the basis of the lawsuit. Hunter did not file a response to the Defendant's motion.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and that the lawsuit be dismissed with prejudice for failure to exhaust administrative remedies. A copy of this Report was sent to Hunter at his last known address, return receipt requested, but no objections have been received; accordingly, Hunter is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 21) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendant's motion for summary judgment (docket no. 17) is hereby GRANTED and that the above-styled civil action be and hereby is DISMISSED with prejudice for failure to exhaust administrative remedies. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 4th day of March, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**